UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| **KEITH S. BARRON** | * | **CIVIL ACTION NO. 18-1392** |
| **VS.** | * | **JUDGE TERRY A. DOUGHTY** |
| **RAY HANSEN** | * | **MAG. JUDGE KAREN L. HAYES** |

**REPORT AND RECOMMENDATION**

Pro se Petitioner Keith S. Barron, an inmate in the custody of Louisiana's Department of Corrections, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on October 24, 2018. [doc. # 1]. Barron attacks his 2016 conviction for aggravated battery and the corresponding ten-year sentence imposed by Louisiana's 4th Judicial District Court, Ouachita Parish. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

## Background

The underlying facts in this case have been set forth by the Louisiana Second Circuit Court of Appeal as follows:

> In December 2015, Barron had an altercation with the victim, Tonya Ard, at the apartment they shared in Monroe. Barron cut Ard's throat and stabbed her numerous times in the abdomen. Ard survived the attack and identified Barron as the assailant. An arrest warrant was issued for Barron. He was found in Shreveport and arrested pursuant to the warrant. He was charged with attempted second degree murder. Barron claimed that he acted in self-defense. Following a trial, the jury convicted Barron of the responsive verdict of aggravated battery. Motions for post verdict judgment of acquittal, arrest of judgment, and new trial were denied. Barron was sentenced to serve ten years at hard labor. He appealed, claiming there was insufficient evidence upon which to base the conviction and that the trial court gave an erroneous jury instruction on self-defense.

*State v. Barron*, 51,491 (La. App. 2 Cir. 8/9/17), 243 So. 3d 1178, 1179–80.

Barron filed a direct appeal in the Second Circuit Court of Appeal, arguing there was insufficient evidence to support his conviction and the trial court gave an erroneous jury instruction on self-defense. On August 9, 2017, the Second Circuit affirmed Barron's conviction and sentence. *Id.* at 1187. On June 1, 2018, the Louisiana Supreme Court denied Barron's subsequent application for writ of certiorari and/or review. *State v. Barron*, 2017-1529 (La. 6/1/18), 243 So. 3d 1063. Barron did not file a petition for certiorari in the United States Supreme Court. [doc. # 1 ¶ 9(h)].

In September of 2018, Barron filed an application for post-conviction relief in the state district court, claiming (1) ineffective assistance of trial and appellate counsel; (2) he was denied equal protection under the Fourteenth Amendment because the jury was selected in a racially discriminatory manner; (3) the trial court erred in failing to admonish the prosecutor after he made prejudicial remarks in the presence of the jury; and (4) he was denied due process because the State withheld exculpatory evidence until the day of trial and the jury failed to apply La. R.S. § 14:19 when he raised the affirmative defense of justification. [doc. # 8-1 at 71–111]. On September 24, 2018, the district court denied his application "on the showing made." (*Id.* at 70). Barron did not appeal to the Louisiana Supreme Court. [doc. # 1 at 4–5].

On October 24, 2018, Barron filed the instant federal habeas corpus petition, raising the following grounds for relief: (1) ineffective assistance of counsel; (2) he was denied equal protection under the Fourteenth Amendment because the jury was selected in a racially discriminatory manner; (3) the trial court erred in failing to admonish the prosecutor after he made prejudicial remarks in the presence of the jury; (4) he was denied due process because the

State withheld exculpatory evidence until the day of trial and the jury failed to apply La. R.S. § 14:19; and (5) the evidence introduced at trial was insufficient to sustain a conviction. [docs. # 1; 1-2].

On November 26, 2018, the undersigned determined Barron exhausted only his insufficient evidence claim and ordered Barron to advise the Court whether he wished to voluntarily dismiss his unexhausted claims and proceed only with his exhausted claim or dismiss the Petition without prejudice to his right to re-file it after he attempts to exhaust his claims. [doc. # 9]. Barron elected to amend his Petition, voluntarily dismiss his unexhausted claims, and proceed only with his exhausted claim. [doc. # 10]. Thus, before the Court is only Barron's insufficient evidence claim.

The State filed its response on January 22, 2019. [doc. # 17]. Barron filed a reply on March 6, 2019. [doc. # 22]. This matter is ripe.

## Standard of Review

The Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996, 28 U.S.C. § 2254, governs habeas corpus relief of a state prisoner. Section 2254(a) limits federal court review to applications alleging that a person is in state custody "in violation of the Constitution or laws or treaties of the United States." After a state court has adjudicated a prisoner's claims on the merits, an application for a writ of habeas corpus should be granted only if the petitioner shows that the adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)–(2).

Federal review under § 2254(d)(1) "is limited to the record that was before the state court." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011). A decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by . . . [the Supreme Court] on a question of law or if the state court decides a case differently than . . . [the Supreme Court] has on a set of materially indistinguishable facts." *Dowthitt v. Johnson*, 230 F.3d 733, 740–41 (5th Cir. 2000) (quoting *Williams v. Taylor*, 529 U.S. 362, 412–13 (2000)). "The 'contrary to' requirement refers to the holdings, as opposed to the dicta, of . . . [the Supreme Court's] decisions as of the time of the relevant state-court decision." *Id.* at 740 (citations and internal quotations omitted). "[U]nder the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from . . . [the Supreme Court's] decisions but unreasonably applies the principle to the facts of the prisoner's case." *Id.* at 741 (quoting *Williams*, 529 U.S. at 413).

Section 2254(d)(2) speaks to factual determinations made by state courts. *Id.* Federal courts presume such determinations to be correct; however, a petitioner can rebut this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). The AEDPA has put into place a deferential standard of review, and a federal court must defer to a state court adjudication on the merits. *Valdez v. Cockrell*, 274 F.3d 941, 950 (5th Cir. 2001). "As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011).

**Discussion**

Barron argues the evidence presented at trial was insufficient to support his conviction for aggravated battery. He claims that (1) Ard, the victim, "made innumerable misidentifications of petitioner"; (2) Ard's testimony contradicted "prior pre-trial identifications and [the] testimony of Officer Demetris [sic] Underwood," conflicted with testimony from a defense witness about Ard smoking PCP, and conflicted with "conclusive evidence in form of photo"; and (3) Ard "changed up [her] testimony upon being recalled on second day of trial after consulting with [the] district attorney." [doc. # 1 at 26; *see* doc. # 1-2 at 21–25]. Barron also claims the "State only introduced [the] contaminated knife which was not properly submitted to [a] crime forensic lab for testing." (*Id.*) Barron argues "this evidence was clearly questionable," and therefore, insufficient to support his conviction. (*Id.*)

The State responds that "[t]he jury obviously found the victim, Tonya Ard, to be more credible than Petitioner. . . . [her] testimony was consistent on direct and cross-examination. She never wavered that Petitioner attacked her with a knife after she rejected his sexual advances. Her testimony was consistent that Petitioner cut her throat and stabbed her in the stomach." [doc. # 17 at 8, 10]. According to the State, "the jury heard the bizarre and self-serving testimony of Petitioner" and ultimately "chose to believe the victim who sustained life threatening injuries in this case." (*Id.* at 9–10). The State claims that, in light of evidence presented at trial, the appellate court's conclusion that a rational juror would be justified in finding Barron guilty was reasonable. (*Id.* at 11).

In his reply, Barron claims the "State court findings were unreasonable and inadequate" because the court "did not take into consideration the importance of evidence presented by

5

Petitioner bringing about inquiry of how state court went about making factual determinations." [doc. # 22 at 4]. Barron also claims a "reasonable explanation of what happened is . . . that he acted in self-defense after Ard attacked him with a knife when he wouldn't give her more money to go and buy PCP," and the evidence casts "reasonable doubt on [the] State's case." (*Id.* at 2, 5).

Barron argued this claim on direct appeal in the state court, and the Second Circuit Court of Appeal affirmed his conviction and sentence. *Barron*, 243 So. 3d at 1180–85. A state court's determination that there is sufficient evidence to support a conviction will not be overturned unless it is contrary to or involves an unreasonable application of the clearly established federal law as set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979). *Williams v. Puckett*, 283 F.3d 272, 277–78 (5th Cir. 2002). The clearly established law with regards to the sufficiency of the evidence "is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements [of the crime] beyond a reasonable doubt." *Id.* (quoting *Jackson*, 443 U.S. at 319). The *Jackson* inquiry "does not focus on whether the trier of fact made the *correct* guilt or innocence determination, but rather whether it made a *rational* decision to convict or acquit." *Herrera v. Collins*, 506 U.S. 390, 402 (1993). Thus, a court "may find the evidence sufficient to support a conviction even though the facts also support one or more reasonable hypotheses consistent with the defendant's claim of innocence." *Gibson v. Collins*, 947 F.2d 780, 783 (5th Cir. 1991).

The Second Circuit applied the *Jackson* standard in finding that the evidence presented at trial supported Barron's convictions. The court reasoned as follows:

> Although Barron was charged with attempted second degree murder, the jury convicted him of the responsive verdict of aggravated battery. To find Barron guilty of this offense, the state was required to prove beyond a reasonable doubt that Barron engaged in the intentional use of force or violence upon Ard with a

6

> dangerous weapon. Barron's actions in intentionally cutting Ard's throat and stabbing her in the abdomen with a knife were proven beyond a reasonable doubt and were sufficient to support his conviction for this offense.
>
> Further, the jury rejected Barron's claim of self-defense. Barron admitted cutting Ard. The evidence and testimony showed that her throat was so deeply lacerated that anatomical structures were visible through the wound. In addition, she was stabbed numerous times in the abdomen, requiring surgery. Even if the jury had believed Barron's testimony that Ard attacked him, the nature and severity of her injuries do not support a finding that Barron's actions were justified to prevent an attack upon his person. The brutality and severity of Ard's injuries clearly demonstrate that the force or violence used by Barron was not reasonable under the circumstances and was not apparently necessary. Therefore, his claim of self-defense was properly rejected by the jury.

*Barron*, 243 So. 3d at 1185.

The undersigned has reviewed the trial transcript, [*see* docs. # 17-6 at 74–17-8 at 100], and finds that the state court did not unreasonably apply the *Jackson* standard. As the Second Circuit noted, Ard identified Barron as her attacker. Though Barron claims Ard misidentified him, he admitted to cutting her throat. Nonetheless, their versions of the events leading up to the attack differ: Barron testified that Ard was high on PCP, confronted Barron and began yelling at him for no reason, and initiated the attacked by scratching his forearm and coming at him with a knife. Barron claimed he only cut Ard across the neck while acting in self-defense to deflect her. He did not account for the stab wounds to Ard's stomach. Ard testified that Barron attacked her after she refused to have sex with him. Due to the severity of her injuries, she required stitches in her neck and surgery in her abdomen. Ard admitted that she had a felony conviction for PCP and was on probation but denied taking PCP that night or attacking Barron.

Despite Barron's contention, testimony from the State's additional witnesses does not conflict with Ard's version. Although Officer Demetrice Underwood of the Monroe Police Department testified that when he asked her "who did this," Ard replied "Carlos," he also

7

observed that she had lost a lot of blood, her eyes were rolling in the back of her head, and her responses to his questions were unclear. Further, Ard provided Underwood with a physical description of Barron at the scene and testified at trial that Underwood misunderstood her. Detective Kevin Cope, an investigator with the Monroe Police Department, testified that when he spoke with Ard, she clarified that investigators should speak to Carlos because he hung out with Keith. Cope also testified that Ard was shown two photographic lineups while she was recovering in the hospital. The first lineup did not contain Barron's photograph, and Ard did not identify anyone as her attacker. The next day, a second photographic lineup was prepared with Barron's photograph, and Ard identified Barron as her attacker.

In addition to Barron testifying, the defense presented Carron Lamar Harris as a witness. Harris testified that he knew Ard, Barron, and Carlos and was with Carlos at Ard's apartment on the afternoon before the attack. He testified that Ard and Carlos smoked PCP that afternoon, approximately twelve hours before the attack, and he had seen them smoking other times. However, he also stated that he left Ard's apartment around 3:00 p.m. and had no personal knowledge of the events that later occurred.

Based on the testimony and evidence presented, the Second Circuit determined "the jury rationally chose to accept the testimony of Ard and reject that of Barron." *Barron*, 243 So. 3d at 1184. The undersigned agrees. The jury's verdict turned on a credibility determination, and it was reasonable for the jury believe Ard over Barron and find that Barron had committed the crime of aggravated battery. Even if the facts also support Barron's self-defense theory, Barron has failed to show that the jury's decision to convict was not rational. Thus, the state court's

8

affirmation of Barron's conviction is not contrary to, nor does it involve an unreasonable application of, clearly established law.

Accordingly, this claim should be **DISMISSED**.

## Conclusion

Based on the foregoing, **IT IS RECOMMENDED** that the petition for habeas corpus filed by Petitioner Keith S. Barron [doc. # 1] be **DENIED**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this Report and Recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy of any objections or response to the District Judge at the time of filing. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before the Judge makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final

order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** *See* 28 U.S.C. § 2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

In Chambers, Monroe, Louisiana, this 26th day of March 2019.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE